UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE FREDDY BARRERA,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | CASE NO. C16-5512 BHS<br>　　　　　　CR08-5366-BHS<br><br><br>ORDER DENYING PETITION |

This matter comes before the Court on Jose Freddy Barrera's ("Petitioner") motion under 28 U.S.C. § 2255. Dkt. 1. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On April 7, 2009, Petitioner pled guilty to Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Cause No. CR08-5366, Dkt. 76. On April 27, 2009, the Court sentenced Petitioner to a total term of 84 months of incarceration. *Id.*, Dkts. 258, 260. The conviction included a mandatory 60-month sentence pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

ORDER - 1

On November 24, 2014, Petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction of his sentence. *Id.*, Dkt. 99. On May 8, 2015, that motion was denied. *Id.*, Dkt. 104. Petitioner has filed no other post conviction motions. He has not appealed his sentence.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was an unconstitutionally vague sentencing statute in violation of the Due Process Clause. *Id*. at 2557. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Welch*, the Court held that "that *Johnson* is retroactive in cases on collateral review . . . ." *Id*. at 1268.

On June 16, 2016, Petitioner mailed (and thus filed) his motion pursuant to 28 U.S.C. § 2255. Dkt. 1-1; *See* Rule 3(d), Rules Governing Section 2255 Cases. Petitioner argues that his sentence was enhanced under the ACCA and that it should be reduced pursuant to the Supreme Court's ruling in *Johnson*. Dkt. 1. On July 22, 2016, the Government responded. Dkt. 3.

## II. DISCUSSION

Petitioner argues that his sentence was enhanced under the ACCA and that it should be reduced pursuant to the Supreme Court's ruling in *Johnson*. Dkt. 1. The Government contends that (1) the motion is time-barred, (2) barred by waiver, and (3) the Supreme Court's ruling in *Johnson* is inapplicable to Petitioner's sentence. Dkt. 3. The

Court will address neither the time-bar or waiver issues, as Petitioner's motion is clearly deficient on its face.

In *Johnson* the Supreme Court found the language in the residual clause of § 924(e)(2)(B)(ii) to be unconstitutionally vague. 135 S. Ct. at 2555. Identical language exists in the United States Sentencing Guidelines at § 4B1.2(a)(2) ("Career Offender Guideline"). But Petitioner did not receive a mandatory minimum sentence pursuant to the ACCA or the Career Offender Guideline. Petitioner is not serving a sentence under § 922(g), a necessary element under the ACCA. 18 U.S.C. § 924(e)(1). Petitioner had not been convicted of more than one previous crime, a mandatory element under both the ACCA and the Career Offender Guideline. *Id.*; USSG § 4B1.1(a). Petitioner received his sentence solely pursuant to his conviction under 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

Petitioner's sentencing was unrelated to the ACCA or the Career Offender Guideline. Therefore, petitioner can not rely on *Johnson* to reduce his sentence.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Petitioner's motion under 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**.

Dated this 31st day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge